l)virus J.
This was an action of ’.-fot in which the plaintiff-' declared upon a sealed instrument, and assigned breaches of the conditions annexed to it. The-defendant pleaded the general issue and conditions performed and not broken. Upon the trial, the jury found a verdict for the defendant; and it is stated in the case that there was no exception taken to the charge of the court to the jury. Yet there was a motion for a hew trial, which being reftr-ed. *214 and a judgment rendered for the defendant, the plaintiff appealed.
We cannot discover any error which we are at liberty to redress. The plea of the general issue made it necessary for the plaintiffs to prove the execution of the instrument, declared on, and they introduced and examined the subscribing witness, who testified that it was duly executed : and they also offered evidence for the purpose of proving the breaches assigned* It does-not appear that any testimony was introduced on the part of the defendant. The court charged the jury upon the bearings oí the evidence, and no objection was made to the charge. .The jury returned a verdict generally “ for the defendant,” which of . course negatives the execution of the instrument upon which the suit was brought; - Upon this state of the record it is out of our power to notice any improper instructions upon the evidence given in relation to the breaches, even if there were any such ; for if the execution of the instrument were not established, what was said about its breaches must have been irrelevant.
It has been repeatedly decided in this. Court that in an action of. assumpsit, if jfche defendant plead the. general issue and the statute of limitations, and the jury find “all the issues for the defendant/’ the Court ean not inquire into the correctness of the charge, in relation to the issue on the latter plea. Morisey vs. Bunting 1 Dev. Rep. 3. Mastin Ex., vs. Waugh, 2 Dev. and Bat. Rep. 517. Cole vs. Cole, 1 Ired. Rep. 460. The present appears a parallel case and ■ must receive the same determination.
But'it is said in'the argument here, that -the plaintiff’s were hot hound to assign breaches of the bond, and. to offer proof in support of them, arjd that upon the testimony offered by them to establish the execution of the instrument sued on, the Court ought to have told the jury, that if they believed that testimony, the plaintiffs were entitled to re *215 -cover. The reply is, that the Court was not bound, to instruct the counsel for the plaintiffs in the management of théir caso : and it was not error of which they have a right > to complain, that he did not charge the jury upon a point which they did not think' proper to take. ' They made no objections to his instructions upon the questions which they presented, and after a verdict generally in favor of the de?-fendant, they are estopped from making exceptions .founded on their own mismanagement.
The judgment must be affirmed.